UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROCHELLE SANDERS HAYNES ET AL.                              CIVIL ACTION

VERSUS                                                       No. 15-167

UNITED STATES ARMY CORPS OF                                  SECTION I
ENGINEERS ET AL.

## ORDER AND REASONS

Before the Court is a motion[1] filed by the government to dismiss the above-captioned matter pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, which plaintiffs oppose.[2] Plaintiffs also filed a motion for leave to file an amended complaint[3] along with the proposed amended complaint.[4] The government then filed a motion to dismiss plaintiffs' proposed amended complaint.[5] For the following reasons, the government's motion to dismiss the original complaint is **GRANTED**, plaintiffs' motion for leave to file an amended complaint is **DENIED**,[6] and the government's motion to dismiss the proposed amended complaint is **DISMISSED AS MOOT**.

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 11.
[3] R. Doc. No. 12.
[4] R. Doc. No. 12-2.
[5] R. Doc. No. 13.
[6] The Court acknowledges the diligent efforts of Ashley Giambelluca, a J.D. candidate at Tulane University Law School, who contributed to the preparation of this Order and Reasons.

1

**BACKGROUND**

In August 2005, plaintiffs resided in the Lower Ninth Ward of New Orleans,[7] which was flooded by water from the Mississippi River Gulf Outlet ("MRGO") following Hurricane Katrina.[8] Plaintiffs' relative was found deceased after the storm.[9] Plaintiffs, proceeding *pro se*, claim that the U.S. Army Corps of Engineers ("the Corps") was grossly negligent when it failed to protect the citizens of the United States in connection with Hurricane Katrina and its August 29, 2005 landfall in New Orleans.[10] Plaintiffs broadly contend that "[t]he U.S. Army Corps of Engineers has failed the American citizens tragically."[11]

Plaintiffs filed their original complaint on January 23, 2015, claiming subject matter jurisdiction pursuant to 28 U.S.C. § 1331; the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*; and the Public Vessels Act ("PVA"), 46 U.S.C. § 31101 *et seq.*[12] Plaintiffs allege, "All families who suffered during [the] Hurricane Katrina disaster caused by the United States Army Corps of Engineers should be compensated for their los[s]es including loss of life in the amount of $1.5 million dollars."[13]

On June 25, 2015, the government filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, Rule 12(b)(6).[14] In

---

[7] R. Doc. No. 1, at 1.
[8] R. Doc. No. 12-2, at 4 ("Plaintiffs are seeking damages for the effects of the waters in the MRGO with respect to the decimation of the wetlands over a long period of time which in turn created the hazard which resulted in flooding . . . ."); R. Doc. No. 12-2, at 5 ("The United States Army Corps of Engineers should be made accountable for their failure to protect the citizens of the United States.").
[9] R. Doc. No. 12-2, at 3.
[10] R. Doc. No. 1, at 1-2.
[11] R. Doc. No. 1, at 2.
[12] R. Doc. No. 1, at 2.
[13] R. Doc. No. 1, at 3.
[14] R. Doc. No. 10.

response, plaintiffs filed an opposition[15] and a motion for leave to amend the complaint.[16] The proposed amended complaint claims subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3).[17]

## STANDARD OF LAW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction. Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158-161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (holding that where there are grounds for dismissal under Rule 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted, the "court should dismiss only on the jurisdictional ground . . . without reaching the question of failure to state a claim"). This approach "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Ramming*, 281 F.3d at 161. Where dismissal under Rule 12(b)(1) is appropriate, the plaintiff is not precluded from seeking relief in another forum with proper jurisdiction because no determination on the merits has been made. *See Hitt*, 561 F.2d at 608.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the

---

[15] R. Doc. No. 11.
[16] R. Doc. No. 12.
[17] R. Doc. No. 12-2, at 1.

complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Where, as here, the defendant has questioned the court's subject matter jurisdiction, the plaintiff has the burden of "proving by a preponderance of the evidence that the trial court does" possess the requisite jurisdiction. *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

## DISCUSSION

"The [FTCA] is a limited waiver of the immunity of the United States as a sovereign." *Lewis v. Napolitano*, No. 11-2137, 2012 WL 274415, at *2 (E.D. La. Jan. 31, 2012) (Vance, C.J.). The Fifth Circuit has consistently recognized that "the United States, and not the responsible agency or employee, is the proper defendant." *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988); *see also Toledo v. Bureau of Prisons*, 238 F. App'x 10, 11 (5th Cir. 2007). "When a plaintiff files an FTCA claim against a federal agency or employee, that claim must be dismissed for lack of jurisdiction." *Lewis*, 2012 WL 274415, at * 2 (citing *Galvin*, 860 F.2d 183). Because neither the original complaint nor the proposed amended complaint includes the United States as a defendant, this Court lacks jurisdiction over plaintiff's tort claims.

Even if plaintiffs were to add the United States as a defendant to this action, the FTCA provides that the government is immune from claims related to certain "discretionary functions." The FTCA's discretionary function exception excludes "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or an employee of the Government, whether or not the discretion involved was abused." 28 U.S.C. § 2680(a). "At the pleading stage, plaintiff must invoke the court's

jurisdiction by alleging a claim that is facially outside of the discretionary function exception." *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009).

In *In re Katrina Canal Breaches Litig.*, 696 F.3d 436 (5th Cir. 2012), *cert. denied sub nom. Lattimore v. United States*, 133 S. Ct. 2855 (2013), the Fifth Circuit addressed the issue of whether the Corps had liability relative to the flooding throughout New Orleans after Hurricane Katrina.[18] The Fifth Circuit concluded that the United States' operation and maintenance of the MRGO,[19] whose waters flooded the area where plaintiffs previously resided, was a discretionary function. *See id.* at 448-51. The Fifth Circuit found that the discretionary function exception "completely insulates the government from liability" regarding the canal breaches and flooding from the MRGO after Hurricane Katrina. *See id.* at 454. Accordingly, even if plaintiffs were to amend their complaint to add the United States as a defendant, this Court would still lack subject matter jurisdiction over their claims pursuant to the discretionary function exception.[20]

Plaintiffs' citation to 28 U.S.C. § 1343(3) in their proposed amended complaint does not alter this Court's conclusion. Section 1343 "is a jurisdictional statute and does not create any substantive rights." *Jewell v. City of Covington, Georgia*, 425 F.2d 459, 460 (5th Cir. 1970); *see also Alexander v. Ferrell*, No. 08-1595, 2009 WL 89693, at *2 (W.D. La. Jan. 12, 2009) (Hicks, J.) (stating that the plaintiff's "reliance on Section 1343 as a jurisdictional basis in this matter is misplaced because she has not alleged deprivation of a federal right and/or sought relief under a substantive statute(s) to which Section 1343 relates"). Plaintiffs have not alleged that defendants

---

[18] The Court notes that plaintiffs' proposed amended complaint relies on the district court opinion that was reversed by *In re Katrina Canal Breaches Litig.*, 696 F.3d 436.
[19] Plaintiffs have not identified any specific actions taken by the Corps that caused their injuries.
[20] Plaintiffs' citation to the PVA does not alter this outcome. *See In re Katrina Canal Breaches Litig.*, No. 14-30060, 2015 WL 3407410 (5th Cir. May 28, 2015).

acted "under color of any *State* law, statute, ordinance, regulation, custom or usage." 28 U.S.C. § 1343(3) (emphasis added). Accordingly, this statute is simply irrelevant to their claims.[21]

## CONCLUSION

Although the Court "appl[ies] less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), plaintiffs have not established that this Court has subject matter jurisdiction over their claims. Accordingly, the Court need not address the government's alternative arguments pursuant to Rule 12(b)(6). Furthermore, the Court need not grant plaintiffs leave to amend their complaint because "leave to amend need not be granted when it would be futile to do so." *FDIC v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). Because plaintiffs may not amend their complaint, the government's motion to dismiss the proposed amended complaint is moot. Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the government's motion to dismiss the original complaint is **GRANTED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file an amended complaint is **DENIED**.

---

[21] Plaintiffs assert that they "relied on information from the government's website which provided an example of how to prepare the complaint. . . . [B]ecause of the ambiguous instructions on the government's website of the sample complaint form, Plaintiffs are asking that the Motion To Dismiss be denied." R. Doc. No. 11, at 1-2. The sample complaint describes the general form for the document itself, but it offers no instruction or guidance with respect to the substantive legal issues relating to the Court's jurisdiction over any possible claim. *See* R. Doc. No. 11, at 4. Plaintiffs' reliance on the government's sample complaint form does not deprive this Court of jurisdiction over their claims; the law does.

**IT IS FURTHER ORDERED** that the government's motion to dismiss plaintiffs' proposed amended complaint is **DISMISSED AS MOOT**.

New Orleans, Louisiana, August 4, 2015.

                                                **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**